UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-24549-CIV-WILLIAMS/SIMONTON

TEMPLE B'NAI ZION, INC.,

    Plaintiff,

v.

CITY OF SUNNY ISLES BEACH, FLORIDA.,

    Defendant.
_____/

## ORDER FOLLOWING DISCOVERY HEARING

This matter was before the undersigned Magistrate Judge upon various discovery Motions.[1] Discovery is referred to the undersigned by the Honorable Kathleen M. Williams, the District Judge assigned to the case (DE # 96). A discovery hearing was held on May 15, 2014, wherein the undersigned orally ruled on the disputes raised in the Motions. This Order incorporates the oral rulings made by the undersigned on the record at that hearing.

    I.    **DISCOVERY DISPUTES**

        A.    **Defendants' Motion to Compel Discovery Regarding Bank Accounts and For Attorney's Fees (DE # 159)**

Defendants filed a Motion to Compel Discovery seeking to compel Plaintiff to produce certain bank statements in response to Requests for Production Numbers 21, 22, and 23 contained in the Defendants' First Request for Production served on

---

[1] The discovery Motions were filed prior to the entry of the undersigned's General Order On Discovery Objections and Procedures which does not allow for the filing of discovery related motions (DE # 179). Therefore, the undersigned set the matter to be heard on the discovery calendar and held a hearing on the discovery disputes (DE # 180).

November 20, 2013.[2]  According to the Motion, the Defendants requested the production of all bank statements of Plaintiffs Temple B'Nai Zion, Inc., as well as bank statements for Congregation Mishkan Shlomo, Inc., and Mishkan Shlomo LLC, which the Defendants contend are alter egos of the Plaintiff.

The Defendants contended that in response to the Requests for Production, the Plaintiff produced bank statements from accounts held at Bank of America but failed to produce or state whether the Plaintiff and its related entities held bank accounts with other institutions.  The Defendants stated that a subpoena return from Bank of America revealed that Congregation Mishkan Shlomo holds a bank account at Safra National Bank of New York.  The Defendants stated that they had verbally requested production of the records from the Plaintiff but had received no response.  In addition, Defendants requested an award of attorney's fees for having to bring the Motion.

In response, at the hearing, Counsel for the Plaintiff stated that he had substituted into the case as counsel on the date a previous motion to compel regarding the production of bank records had been filed and was unaware that there were any remaining disputes between the Parties regarding the production of the requested bank records.   In addition, Counsel for the Plaintiff stated that all of the bank statements for the outstanding accounts were in the process of being sent to Plaintiff's Counsel and stated that he would be forward those documents forthwith to the Defendants upon receipt.

---

[2]  Subsequent to the Defendants filing their Motions to Compel, Defendant Norman S. Edelcup's Motion to Dismiss was granted by the Court and the Plaintiff's claims against Mr. Edelcup were dismissed with prejudice (DE # 174).  For the sake of consistency, the Court refers to the "Defendants" throughout this Order although the City of Sunny Isles Beach, Florida, is the only remaining Defendant in this action.

**The Court ordered the Plaintiff to produce the outstanding bank documents on or before May 22, 2014. The Court further opined that the request for attorneys fees would be deferred and directed the Parties to confer in an effort to resolve the issue of an award of attorneys' fees in light of the Court's rulings on the issues at the informal discovery hearing. The undersigned stated that if the parties are unable to resolve the issue related to an award of attorney's fees, they may set the matter for a hearing before the undersigned. However, the Parties were advised that, if there is a hearing on the issue, the Party seeking an award of attorney's fees shall be prepared to present argument regarding the basis for the entitlement to the attorney's fees and the basis for the amount of attorney's fees sought.**

      **B.**    <u>**Defendants' Second Motion to Compel Discovery Relating to the Temple's Membership, For Compliance with Court Orders and For Attorney's Fees (DE # 160)**</u>

**Defendants filed a Second Motion to compel seeking to have the Plaintiff produce a list of the names and addresses of present and past congregation members. The Defendants contended that the Plaintiff was previously ordered to produce this information following a discovery conference before Magistrate Judge Turnoff held on the Defendants' First Motion to Compel (DE # 121). The Defendants stated that pursuant to Judge Turnoff's Order (DE # 143) following that hearing, on March 17, 2014, the Plaintiff served Supplemental Responses to the Defendants' First Set of Interrogatories wherein the Plaintiff provided the names and email addresses of the members of the congregation.**

**At the hearing, the Plaintiff explained that in 2010, the Temple was sub-leased to a tenant who removed the Temple's records and destroyed them, including records relating to contact information about the Temple's congregants. The Plaintiff stated that**

it had produced the information and contact information, which consisted of email information, that it currently has and is attempting to compile a complete list of members and contact information of those members.  Plaintiff's Counsel stated that the Plaintiff has sent emails to the congregation members requesting contact information for those members and estimated that the Plaintiff has received responses to 50% of the emails that were sent to 70 members approximately one month before the hearing.

In response, Counsel for the Defendants made clear that the Defendants do not object to receiving the information on a rolling basis, but explained that the Defendants were seeking to obtain the physical addresses of all of the members and associate members, as well as any prospective members whose names had been disclosed during the course of litigation of this action.  The Defendants further stated that they were seeking to discover when members joined the Temple and when certain members stopped being members.

Counsel for the Plaintiff explained that historical information regarding congregational membership did not exist and stated that the Plaintiff only had a list of current members.

The Court ordered that by close of business May 16, 2014, the Plaintiff is to produce all the addresses of members and associate members currently in the Plaintiff's possession.  The Plaintiff was further ordered to produce an affidavit by Wednesday, May 21, 2014, that confirms that the Temple has no records other than those responses to emails of physical addresses of any of its members or associate members that were produced to the Defendants in the May 16, 2014 production, and stating why it does not have additional addresses.  The Court further directed that a follow up email shall be sent by close of business on Wednesday, May 21, 2014 regarding members and

associate members who have not responded. The Plaintiff was further ordered to produce on a rolling basis every Friday the addresses from congregants as those addresses are received. The Court directed that any addresses or other contact information produced shall be for Attorney's eyes only absent further order from this Court.

As to the Defendants' request for dates of membership of the congregants, the undersigned ruled that on or before May 30, 2014, the Plaintiff shall supplement its responses and state the efforts made to obtain the dates of membership of the congregants.

### C. Defendants' Motion to Compel and For Sanctions for Non-Appearance at Deposition by Plaintiff (DE # 171)

The Defendants filed a Motion seeking to compel the appearance of the Plaintiff's witnesses that had been previously scheduled for a deposition. At the informal discovery hearing, the Defendants stated that the deposition of one of the witnesses, Paul Feldman, had been taken on the Friday prior to the hearing and stated that the deposition of Eli Levy was scheduled to proceed following the discovery hearing. The Defendant, however, stated that it was seeking sanctions for the Plaintiff's failure to produce those witnesses at the time that the depositions had been previously scheduled.

In response, Counsel for the Plaintiff explained that the Plaintiff was not given reasonable notice for the previously scheduled depositions because the deposition notices were served the Friday before a deposition scheduled on the following Tuesday.

The Parties agreed to confer further on the issue of sanctions related to the previously scheduled depositions being cancelled.

### D. Plaintiff's Motion for Protective Order (DE # 172)

The Plaintiff filed a Motion for Protective Order pertaining to where the depositions of five witnesses would occur (DE # 172). The Plaintiff contended that the depositions should occur in New York where the witnesses reside. In response, the Defendants contended that the issue was moot because the Defendants were not seeking to conduct the depositions of the witnesses at this time.

At the discovery hearing, the undersigned ruled that the Motion was moot because the Defendants had abandoned their request to conduct the depositions in dispute at this time.

## II. CONCLUSION

Based upon the foregoing, and for the reasons stated at the discovery hearing, it is

**ORDERED AND ADJUDGED** that the Defendants' Motion to Compel Discovery Regarding Bank Accounts and For Attorney's Fees (DE # 159) and Defendants' Second Motion to Compel Discovery Relating to The Temple's Membership, For Compliance with Court Orders and For Attorney's Fees (DE # 160) are GRANTED, in part. The Plaintiff shall produce the additional discovery in compliance with the undersigned's rulings at the May 15, 2014 discovery hearing as set forth above in this Order. It is further

**ORDERED AND ADJUDGED** that the ruling on the Defendants' Motion to Compel and For Sanctions for Non-Appearance at Deposition by Plaintiff (DE # 171) is DENIED as moot with respect to the Motion to Compel, and without prejudice to renew as to the request for sanctions, if the Parties are unable to resolve the dispute. It is further

**ORDERED AND ADJUDGED** that the Plaintiff's Motion for Protective Order (DE # 172) is DENIED, as moot.

**DONE AND ORDERED** in chambers in Miami, Florida on June 2, 2014.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:

The Honorable Kathleen M. Williams
   United States District Judge
All counsel of record